IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NANCY MACDONALD, o/b/o )
CARL THIEBAUD, )
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, ) Civil Case No. 08-64-KI
　　　　　　　　　　　　　　　　)
　　vs. ) OPINION AND ORDER
　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )
　　　　　　　　　　　　　　　　)

　　　　David B. Lowry
　　　　9900 SW Greenburg Road
　　　　Columbia Business Center, Suite 235
　　　　Portland, Oregon  97223

　　　　　　　Attorney for Plaintiff

　　　　Karin J. Immergut
　　　　United States Attorney
　　　　District of Oregon

Page 1 - OPINION AND ORDER

Britannia I. Hobbs
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

David R. Johnson
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

      Attorneys for Defendant

KING, Judge:

Plaintiff Nancy MacDonald, on behalf of claimant Carl J. Thiebaud, brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB").  I affirm the decision of the Commissioner.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his

physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the

past.  If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## PROCEDURAL BACKGROUND

Thiebaud filed for DIB and SSI on June 16, 2003, alleging disability since September 1, 1965 due to mental and physical impairments.  The Commissioner denied the DIB application due to insufficient evidence of disability before the date last insured of June 30, 1984.  Thiebaud was found disabled for SSI benefits as of the month of his application, June 1, 2003.  Thiebaud

went to a hearing on the denial of DIB. The ALJ upheld the award of SSI benefits but denied DIB after finding that Thiebaud had no severe impairment prior to his date last insured. The Appeals Council denied review and Thiebaud filed a Complaint seeking review of the ALJ's decision in this court.

## THE ALJ'S DECISION

Concerning the DIB application, the ALJ found that there was a lack of sufficient medical evidence of any significant vocational limitations on or before the date last insured. Concerning the SSI application, the ALJ found that Thiebaud had severe impairments of degenerative disc disease, hepatitis C, and mixed depression and anxiety. The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations. The ALJ found that Thiebaud could lift 20 pounds occasionally and 10 pounds frequently, could walk four blocks, could stand and sit for one hour each, could climb six stairs with a handrail, could push/pull only short distances or times with a horizontal force greater than 20 pounds, would not do well working with large groups of people, has a mild impairment in the use of his hands, has functional eyesight and hearing, has a moderate impairment in his ability to concentrate, and has an average memory. Based on the "grids," the ALJ found that Thiebaud was disabled beginning on June 1, 2003 but not before that date.

## FACTS

Thiebaud, who was 59 years old at the time of the ALJ's opinion, has an eighth grade education. He claims disability since September 1, 1965, when he was 18 years old, due to degenerative disc disease, hepatitis C, and depression with anxiety. Thiebaud served in the army

Page 5 - OPINION AND ORDER

and was medically discharged at the age of 18 after two suicide attempts. Thiebaud worked sporadically from 1964 to 1990 but never earned enough money for the jobs to be considered substantial gainful activity.

Currently, Thiebaud suffers from constant pain, which never goes below a level of one or two even when he takes pain medication. Two or three days a week, Thiebaud only gets out of bed briefly because of the pain.

Mentally, Thiebaud suffers from post traumatic stress disorder and paranoid schizophrenia. He states that he has had 28 admissions to psychiatric hospital units. Thiebaud hears voices when not on his medication. He has crying spells once or twice a month and has panic attacks once or twice a week since 1980.

## DISCUSSION

I.      Development of the Record

Thiebaud argues that the ALJ's step two severity determination concerning his condition before his date last insured of June 30, 1984 is unsupported by substantial evidence and contrary to law. He contends that the ALJ failed to obtain all the relevant medical reports, including the VA disability determination records, which document his medically determinable mental and physical impairments at the time.

The Commissioner argues that to receive DIB, Thiebaud must establish that he was disabled before his date last insured, June 30, 1984, and that his disability continued through June 2002, twelve months prior to his most recent application. The Commissioner also contends that Thiebaud's attorney invited any error of an incomplete record when he stated at the start of the hearing that he doubted if he would add anything to the exhibits file.

I am unpersuaded by the invited error argument because of the ALJ's duty to develop the record. A Social Security ALJ has an "independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation omitted). The duty is heightened if a claimant is unrepresented or is mentally ill and cannot protect his own interests. The record was clear that Thiebaud had dealt with mental health issues throughout his adult life.

The ALJ must supplement the record if: (1) there is ambiguous evidence; (2) the ALJ finds that the record is inadequate; or (3) the ALJ relies on an expert's conclusion that the evidence is ambiguous. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). The supplementation can include subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow the record to be supplemented. Tonapetyan, 242 F.3d at 1150.

The threshold at step two is a low one. It is a "de minimis screening device [used] to dispose of groundless claims." Webb, 433 F.3d at 687 (internal quotation omitted). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c). A medically determinable impairment must be established through signs, symptoms, and medically acceptable clinical or laboratory findings but under no circumstances can be established through symptoms, namely the individual's own perception of the impact of the impairment, alone. Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005).

The regulations state that the claimant must provide medical evidence showing that he has an impairment and the severity of the impairment. 20 C.F.R. § 404.1512(c). Evidence

Page 7 - OPINION AND ORDER

includes objective medical evidence, such as medical signs and laboratory findings, as well as any decisions by a governmental agency on whether the claimant is disabled. Id. at § 404.1512(b)(1), (5). The Commissioner's responsibility is to make "every reasonable effort" to help the claimant get medical reports, with the claimant's permission. "Every reasonable effort" is defined to mean making an initial request of the medical source and then making one followup request if the evidence is not received. Id. at § 404.1512(d)(1).

Thiebaud made prior unsuccessful applications for DIB in 1989 and 1991. The records from the prior applications were not obtained for this application. This record contains the following evidence relating back to the time prior to Thiebaud's date last insured of June 30, 1984.

In 1984, Thiebaud was hospitalized from July 16 through August 3 with complaints of numbness in his right leg, impairment of memory, weakness of his right hand, impairment of balance, and variable slurring of speech. Tr. 734-815.

A November 8, 1996 VA Medical Center ("VAMC") chart note states that Thiebaud has been diagnosed with chronic schizophrenia and has been dealing with it for a number of years. The doctor states that during the last 20 years, Thiebaud was not capable of functioning consistently in a work situation due to his psychological problems. The doctor also stated that he had no prior records of the disorders to review. Tr. 1107-13.

A VA chart note dated June 15, 1998 states:

> At the time of initial evaluation on December 18, 1996, Mr. Thiebaud presents
> with history, symptoms and signs consistent with post traumatic stress disorder,
> life-long post traumatic stress disorder and dysthymia dating and relating to
> childhood trauma, with symptoms waxing and waning in severity over the years in
> relationship to stressors. At times of extreme stress in the past, he had developed

>   low-level symptoms of psychosis but his overall course seemed inconsistent with
>   schizophrenia and more consistent with reactive psychosis related to extreme
>   childhood trauma.

Tr. 858.

On February 23, 2006, Dr. Smith, Thiebaud's treating psychiatrist at the VAMC since 1996, completed a mental impairment questionnaire. Dr. Smith had examined Thiebaud 23 times. She stated that Thiebaud has had seven psychiatric hospitalizations between 1964 and 1995, totaling 5.5 years. She also states that he has been disabled for over 35 years, without explaining how his illness has progressed during the period. Dr. Smith explains that Thiebaud is unable to work full time and has lost many jobs in the past due to behavioral problems. Tr. 1616-23.

A VA disability rating is entitled to great evidentiary weight in a Social Security proceeding. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). Since the VA and SSA criteria for determining disability are not identical, an ALJ may give less weight to a VA rating decision by giving persuasive, specific, and valid reasons for doing so that are supported by the record. Id.

Thiebaud told the ALJ that he was awarded a VA pension retroactive to 1965. Because the disability determination rules are different in the two programs, the ALJ concluded that the reported VA award was not persuasive.

The state agency sent a request to the Portland division of the VAMC for medical records back to March 1, 1982. The VAMC sent over 900 pages of records but few cover the period in the mid-1980s. Unfortunately, the records were not produced in chronological order and are very difficult to review. There is a rating decision dated January 3, 1997 which granted a nonservice-

Page 9 - OPINION AND ORDER

connected pension based on disabilities rated as follows: 100 percent chronic paranoid schizophrenia, 30 percent COPD, and 0 percent irritable bowel syndrome. Tr. 1104-05. There is a lengthy Confidential Comp and Pensions Exam Summary from Dr. Juliana, Ph.D., dated November 29, 2002, for the initial evaluation of post-traumatic stress disorder. Tr 280-292. The ALJ did not discuss either of these documents. There is also discussion in some of the medical records of a permanent 100 percent service-connected pension with a significant retroactive payment dating back to 1965, but I was unable to find a document explaining the award, other than the summary from Dr. Juliana. Tr. 1344 (dated December 23, 2002).

At the hearing, Thiebaud testified that he has had symptoms from hepatitis C since 1980, irritable bowel syndrome since 1976, back pain from ruptured disks since the late 1980s, neck pain since the early 1990s, arthritis in his shoulders and hips since 2002, carpal tunnel syndrome since 1982, problems dropping things he is carrying since 1985, breathing problems from asthma and emphysema since 1985, and life-long problems from PTSD and paranoid schizophrenia.

The current record contains no medically acceptable clinical or laboratory findings to support the finding of any severe impairment prior to Thiebaud's date last insured of June 30, 1984. Thiebaud's own testimony, without corroborating clinical or laboratory findings, cannot establish a severe impairment. Some of the doctors' notes refer to Thiebaud's earlier psychiatric history but the underlying records were not available to the ALJ and did not appear to be available to the doctors who mention the history. Dr. Smith gave a more detailed summary but did not treat Thiebaud until 1996, 12 years after his date last insured.

The issue, then, is whether the ALJ met his duty to develop the record for the time prior to June 30, 1984. The agency sought Thiebaud's VA medical records back to March 1, 1982 but

did not receive any prior to the date last insured. Thiebaud did not provide information on other medical sources from which he sought treatment, if any. I also note that Thiebaud unsuccessfully applied for DIB in 1989 and 1991. The pre-1984 VA records were likely more available then, although we do not know for sure.

It is not clear that other records are available, even if the agency made a second request. I conclude that the Commissioner made every reasonable effort to obtain Thiebaud's earlier medical records and that the ALJ has fulfilled his independent duty to fully and fairly develop the record.

II. Dr. Smith's Opinion

Thiebaud also argues that the ALJ erred by failing completely to address the opinions of his treating psychiatrist, Dr. Smith, including her opinion that he was disabled since 1977.

The Commissioner argues that Dr. Smith's opinions were considered to the extent required, noting that the ALJ must only explain why significant probative evidence was rejected. According to the Commissioner, the ALJ accepted medical expert Dr. Bigley's testimony and Dr. Bigley specifically referred to Dr. Smith's opinions. The Commissioner then gives several post hoc reasons to reject Dr. Smith's opinion.

Dr. Smith did not treat Thiebaud until 12 years after his date last insured. Although she reports on some of his history, there is no evidence that she had the complete medical records from the previous doctors. Her opinion on his condition prior to his date last insured is so distant in time that it is not supported sufficiently to make it probative evidence. The Commissioner is not required to discuss all evidence but must explain why "significant probative evidence" is rejected. Vincent v. Heckler, 739 F.2d 1939, 1395 (9th Cir. 1984) ("[a]fter-the-fact psychiatric

diagnoses are notoriously unreliable"). Thus, the ALJ did not err and there is no need for a remand to allow the ALJ to specifically address Dr. Smith's opinion.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards, and therefore the court affirms the decision of the Commissioner.

IT IS SO ORDERED.

Dated this _____5th_____ day of December, 2008.

                                                          /s/ Garr M. King
                                                          Garr M. King
                                                          United States District Judge